E-FILED
Tuesday, 26 December, 2017  11:29:54 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| JESSICA A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.: 2017-cv-2326 |
| | ) | |
| PAPA JOHN'S INTERNATIONAL, INC., | ) | |
| PAPA JOHN'S USA, INC., | ) | |
| HH ENTERPRISES, INC., | ) | |
| | ) | **JURY TRIAL** |
| Defendant(s). | ) | **DEMANDED** |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Jessica A. Williams, by and through her attorney of record,

Ronald S. Langacker, and for her Complaint at Law, hereby states as follows:

## NATURE OF THE ACTION

1. This is a case regarding Papa John's and HH Enterprises, Inc. (collectively referred to herein

   as "Defendants") and the shocking, offensive, and illegal treatment, discrimination, harassment

   and termination of a pregnant employee. This is an action authorized and instituted pursuant to

   Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq.*, the Pregnancy

   Discrimination Act amendment, 42 U.S.C.A. § 2000e(k), to Title VII, and the Illinois Human

   Rights Act, 775 ILCS 5/2-102 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C.A §§ 1331 and 1343 and 42 U.S.C.A §

   2000e-5(f)(3). Supplemental jurisdiction is conferred by 28 U.S.C.A § 1367 for Plaintiff's

   state law cause of action.

3. Venue is proper in the Urbana Division of the Central District of Illinois because the employment practices hereafter alleged to be unlawful were committed within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all of her administrative remedies prior to bringing this lawsuit.

5. Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in cause 21-B-2017-00351 and with the Illinois Department of Human Rights ("IDHR"), cause 2017SF1148, on November 28, 2016. See Plaintiff's Exhibit A, attached hereto. Plaintiff has received a right to sue letter from the EEOC on October 2, 2017, a true and correct copy of which is attached hereto as Plaintiff's Exhibit B. All allegations of said charges and exhibits are incorporated by reference hereto.

6. Plaintiff filed an additional charge of discrimination with the EEOC in cause 21-B-201710065 and with the IDHR, cause 2017SF2134, on March 14, 2016. See Plaintiff's Exhibit C, attached hereto. Plaintiff has received a right to sue letter from the EEOC on October 2, 2017, a true and correct copy of which is attached hereto as Plaintiff's Exhibit D. All allegations of said charges and exhibits are incorporated by reference hereto.

## PARTIES

7. Plaintiff, Jessica A. Williams ("Williams"), is a permanent resident of the United States who, at the time of the events in question, resided in Champaign County, Illinois.

8. Defendant, Papa John's International, Inc., is a Delaware corporation, and through its subsidiary, Papa John's USA, Inc., a Kentucky corporation, (collectively "Papa John's"), at all times material to this action, possessed and continues to possess, their principal place of business in Kentucky. Papa John's operates under a franchise business model. Specifically, a

number of Papa John's restaurants are not actually owned by Papa John's, the franchisor, but by independent franchisees in the United States and Canada. Papa John's possesses franchisees and regularly conducts business in Champaign County, Illinois. Papa John's is a joint employer with its franchisees because Papa John's exercises indirect control over working conditions and/or reserves the authority to do so through its right to control operations at all of its restaurants via franchise agreements, business manuals, and other operating documents.

9. Defendant, HH Enterprises, Inc., ("HH Enterprises"), at all times material to this action, was an Illinois Corporation registered in Champaign County, Illinois. HH Enterprises is a Papa John's franchisee and operates Papa John's #1831 which is a Papa John's store ("Store") located at 225 East Congress Avenue, Rantoul, Illinois. At all times therein, the owner of HH Enterprises was Mr. Hakan Hatipoglu ("Hatipoglu").

## STATEMENT OF FACTS

10. At all relevant times therein, Plaintiff, Jessica A. Williams, was a protected party under the Pregnancy Discrimination Act, 42 U.S.C.A. § 2000e(k), and the Illinois Human Rights Act, 775 ILCS 5/2-102(I).

11. Plaintiff was hired by the Defendants as a Manager in Rantoul, Illinois around May 2016.

12. At all times relevant herein, Plaintiff performed her job duties in a satisfactory manner consistent with Papa John's and HH Enterprise's reasonable expectations.

13. In July of 2016, Plaintiff advised the General Manager of the Store, Jessica Babcock ("Babcock" or "General Manager"), that Plaintiff had become pregnant and would need to take unpaid maternity leave later in the year. Babcock stated that Plaintiff's pregnancy was "bullshit," and that Plaintiff should have let them the Defendants know that she was pregnant when she was hired. Babcock also stated that she would need to tell the owner of HH

3

Enterprises, Hakan Hatipoglu, about Plaintiff's pregnancy, and stated ominously that Hatipoglu would "not be happy" with Plaintiff.

14. While working alone at the Store on September 5, 2016, the Plaintiff began experiencing abdominal cramping and pain. Plaintiff notified the General Manager that she thought she might be having contractions and needed to go to the hospital to seek medical care. The General Manager told the Plaintiff that "she should have been smart enough to know if she was having contractions" and did not arrive at the Store to relieve Plaintiff for over two hours.

15. Plaintiff gave birth to her child via cesarean section on September 15, 2017. Plaintiff's physician recommended that Plaintiff take six (6) weeks off of work for maternity leave. See Plaintiff's Exhibit E, attached hereto.

16. During the time Plaintiff was on medical leave, Defendants, by and through their agents, contacted Plaintiff and told her she would need to report to work, under threat of termination if Plaintiff refused to comply. See Plaintiff's Exhibit F, attached hereto.

17. When Plaintiff returned to the Store following her maternity leave, she was demoted from her position as Manager and was given fewer hours during the week to work. See Plaintiff's Exhibit G, attached hereto. Plaintiff was further given a reduction in her pay as a result of her demotion.

18. As a result of complications from her pregnancy, Plaintiff occasionally needed to use the restroom during her shift at the Store. When she advised the Store Manager that she needed to use the restroom, Plaintiff was told that she would need to clock out in order to do so.

19. When the Plaintiff went to the General Manager to advise her of some of the problems Plaintiff was experiencing regarding hours, wages, and treatment by other employees, the General Manager became verbally abusive to the Plaintiff in front of Mr. Hatipoglu. The

General Manager stated to the Plaintiff that she had "better watch herself" because the General Manager "did not need a reason" to terminate the Plaintiff. After the encounter with the General Manager, Mr. Hatipoglu stated to the Plaintiff that he "did not want any drama" and the Plaintiff needed to "think about if she really wanted her job or not." See Plaintiff's Exhibit H, attached hereto.

20. On November 4, 2016, Plaintiff retained Langacker Law to represent her in regard to her employment issues with the Defendants.

21. On November 9, 2016, Langacker Law sent a request for Plaintiff's personnel records pursuant to the Illinois Personnel Record Review Act (820 ILCS Section 40) to the Store location #1831 addressed to Mr. Hatipoglu. See Plaintiff's Exhibit I, attached hereto.

22. On November 19, 2016, Plaintiff was written up for being tardy—however, Plaintiff had previously requested the time off for a medical appointment. See Plaintiff's Exhibit J, attached hereto.

23. On November 28, 2016, Plaintiff filed a Charge of Discrimination ("Charge") with the EEOC and IDHR, Charge No. 2017SF1148, alleging that she had been discriminated against by the Defendants as a result of her pregnancy. The Charge was mailed to the Defendants on November 30, 2016. See Exhibit A, previously incorporated herein.

24. On December 3, 2016, Plaintiff was reprimanded for allegedly being late because she had a flat tire. Plaintiff pointed out that she had only began receiving written discipline after her attorney had contacted the Store and requested her employment file. Upon referencing this fact in the write up, the Mr. Hatipoglu refused to sign the reprimand. See Exhibit K, attached hereto.

25. On December 5, 2016, Plaintiff's hours were again reduced. When Plaintiff asked Mr. Hatipoglu why her hours had been reduced, he stated, "if [Plaintiff] tried to hurt his family then he would return the favor," in reference to Plaintiff's charge of discrimination filed with the IDHR and EEOC on November 28, 2016. See Plaintiff's Exhibit L, attached hereto.

26. On February 27, 2017, Plaintiff was again reprimanded after she was forced to take time off of work for an emergency dental procedure. As a result of the dental procedure, Plaintiff was placed on medical leave and released back to work on March 10, 2017. See Plaintiff's Exhibit M, attached hereto.

27. On March 10, 2017, Plaintiff was abruptly terminated from her position by Mr. Hatipoglu. In terminating the Plaintiff, Mr. Hatipoglu stated that he "couldn't believe that he hired a piece of shit like [Plaintiff]," and demanded that Plaintiff return her keys to the Store. There was no legitimate non-discriminatory basis for Plaintiff's termination.

## COUNT I
### (Pregnancy Discrimination Act of 1978, Amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e(k))

28. Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

29. Plaintiff was a pregnant employee of Defendant within the meaning of employee as defined under 42 U.S.C.A. §2000e(f).

30. Defendants, Papa John's and HH Enterprises were "employers" under 42 U.S.C.A. § 2000e(b) which defines an "employer" to include a person engaged in an industry affecting commerce who has 15 or more employees for at least 20 calendar weeks in the current or preceding calendar year.

31. Defendants, Papa John's and HH Enterprises, were aware that Plaintiff was pregnant.

6

32. Defendants discriminated against Plaintiff because of her pregnancy in the following ways:

    a. Defendants harassed Plaintiff during her employment and created a hostile work environment because of her pregnancy;

    b. Defendants treated Plaintiff less favorably in the terms, conditions, privileges, and responsibilities of her employment compared to similarly situated non-pregnant employees;

    c. Defendants discussed Plaintiff, Plaintiff's pregnancy, and Plaintiff's ability to continue working while pregnant openly and unfavorably with Defendants' employees;

    d. Defendants refused to accommodate Plaintiff as a result of her pregnancy;

    e. Defendants demoted Plaintiff because of her pregnancy;

    f. Defendants reduced Plaintiff's pay as a result of her pregnancy; and

    g. Defendants terminated the Plaintiff as a result of her pregnancy.

33. Defendants' unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to: loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, humiliation, and embarrassment. Plaintiff will continue to suffer these damages in the future.

34. Defendants' unlawful conduct, as alleged above, was intentional and undertaken with malice and reckless indifference to Plaintiff's rights under the Equal Protection Clause and 42 U.S.C.A §§ 1981 and 1983, and Plaintiff therefore seeks awards of punitive damages against these Defendants in order to deter them and others similarly situated from such wrongful conduct in the future.

## COUNT II
### (Violation of Title VII—Retaliation)

35. Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

36. Title VII makes it unlawful for an employer to discriminate against an employee because he or she has opposed any practice made an unlawful by Title VII, or if he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

37. Plaintiff experienced acts of retaliation from her employer as a result of her having filed a charge of discrimination with the EEOC under the Pregnancy Discrimination Act of 1978, including but not limited to the following conduct:

  a. Having her hours reduced;

  b. Being threatened by Mr. Hatipoglu, that "if [Plaintiff] tried to hurt his family then he would return the favor;"

  c. Being reprimanded on numerous occasions without cause;

  d. Being told by Mr. Hatipoglu that he "couldn't believe that he hired a piece of shit like [Plaintiff];" and

  e. Being terminated from her employment on March 10, 2017, in retaliation for filing a Charge of Discrimination with the IDHR and EEOC.

38. There was a causal link ("nexus") between the filing of the Charge of Discrimination by Plaintiff and the adverse employment actions.

39. Defendants have subjected Plaintiff to the above-described less favorable terms and conditions of employment, failed to take proper steps to address Plaintiff's complaints of discrimination and harassment, and terminated Plaintiff's employment because of her

8

protected activity in violation of Title VII.

40. Defendants' unlawful conduct, as alleged above, caused Plaintiff substantial damages, including but not limited to: loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, humiliation, and embarrassment. Plaintiff will continue to suffer these damages in the future.

## COUNT III
### (Violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(1))

41. Plaintiff repeats and re-alleges all of the paragraphs in this complaint as if fully set forth herein.

42. Plaintiff was an "employee" as defined under the Illinois Human Rights Act ("Act") 775 ILCS 5/2-101(A).

43. Defendants Papa Johns, Inc., and HH Enterprises are employers within the meaning of the Act, 775 ILCS 5/101(B)(1)(b), and engaged in business practices within Champaign County, Illinois.

44. The Act includes pregnancy as a protected class and has been broadly defined to include pregnancy, childbirth and medical conditions related to pregnancy or childbirth. 775 ILCS 5/1-103(L-5).

45. Plaintiff was in a protected class, in that she was pregnant.

46. Defendants Papa John's and HH Enterprises were aware that Plaintiff was pregnant.

47. Defendants Papa John's and HH Enterprises discriminated against Plaintiff in violation of the Act including, but not limited to, the following conduct:

    a. Defendants harassed Plaintiff during her employment and created a hostile work environment because of her pregnancy;

    b.  Defendants treated Plaintiff less favorably in the terms, conditions, privileges, and responsibilities of her employment as compared to similarly situated non-pregnant employees;

    c.  Defendants discussed Plaintiff's pregnancy and Plaintiff's ability to continue working while pregnant openly and unfavorably with Defendants' employees;

    d.  Defendants refused to accommodate Plaintiff as a result of her pregnancy;

    e.  Defendants demoted Plaintiff because of her pregnancy;

    f.  Defendants reduced Plaintiff's pay as a result of her pregnancy; and

    g.  Defendants terminated the Plaintiff as a result of her pregnancy.

48. The discriminatory misconduct described above was the result of a willful or intentional effort on the part of the Defendants to discriminate against Plaintiff due to her pregnancy.

49. There was a causal link ("nexus") between the Plaintiff's pregnancy and the adverse employment action.

50. To prevent future violations of the Act, Plaintiff seeks an award of punitive damages against the Defendants.

51. Plaintiff was treated differently than her similarly situated co-worker(s) at her employment. Other individuals who were not members of the Plaintiff's protected class with similar contributions and achievements were not been terminated under similar circumstances by the Defendant.

52. As a result of Defendants' unlawful employment actions complained of herein, Plaintiff experienced, and continues to experience, lost wages and benefits. Additionally, Plaintiff has suffered and continues to suffer from severe emotional distress, embarrassment, and mental anguish. Plaintiff seeks compensatory damages, reasonable attorney's fees and costs, and other

appropriate legal and equitable relief.

## COUNT IV
### (Retaliation—Illinois Human Rights Act)

53. Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

54. The Illinois Human Rights Act ("Act") makes it unlawful for an employer to discriminate against an employee because he or she has opposed any practice made an unlawful by the Act, or if he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act.

55. Defendants Papa John's and HH Enterprises discriminated against the Plaintiff in violation of the Act including, but not limited to, the following conduct:

    a.  Having her hours reduced;

    b.  Being threatened by Mr. Hatipoglu that "If [Plaintiff] tried to hurt his family then he would return the favor,"

    c.  Being reprimanded on numerous occasions without any cause;

    d.  Being told by Mr. Hatipoglu that he "couldn't believe that he hired a piece of shit like [Plaintiff];" and

    e.  Being terminated from her employment on March 10, 2017, in retaliation for filing a Charge of Discrimination with the IDHR and EEOC.

56. There was a causal link ("nexus") between the filing of the IDHR complaint by Plaintiff and the adverse employment actions.

57. Defendants have subjected Plaintiff to the above-described less favorable terms and conditions of employment, failed to take proper steps to address Plaintiff's complaints of discrimination and harassment, and terminated Plaintiff's employment because of her

protected activity in violation of the Act.

58. As a result of Defendants' unlawful employment actions complained of herein, Plaintiff experienced, and continues to experience, lost wages and benefits. Additionally, Plaintiff has suffered and continues to suffer from severe emotional distress, embarrassment, and mental anguish. Plaintiff seeks compensatory damages, reasonable attorney's fees and costs, and other appropriate legal and equitable relief.

## COUNT V
### (Intentional Infliction of Emotional Distress)

59. Plaintiff repeats and re-alleges all of the paragraphs in this complaint as if fully set forth herein.

60. In the manner described more fully above, by wrongfully terminating the Plaintiff, the Defendants engaged in extreme and outrageous conduct.

61. Defendants' actions set forth above were rooted in an abuse of power or authority.

62. Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

63. Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

64. As a direct and proximate result of this misconduct, the Plaintiff suffered injuries, including severe emotional distress and great conscious pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this honorable Court grant the following relief:

A. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limits

12

under Title VII of the Civil Rights Act as well as incidental, consequential, and punitive damages;

B. Order that Plaintiff be reinstated to her previous employment position;

C. Grant Plaintiff a judgment for compensatory damages as to each count in an amount sufficient to fully compensate her, and grant Plaintiff a judgment against the Defendants for punitive damages;

D. Assess against the Defendants and in favor of the Plaintiff such liquidated and exemplary damages as may be provided by law for the willful violations of the law committed by it;

E. Award Plaintiff damages for pain and suffering;

F. Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

G. Grant Plaintiff reasonable attorneys' fees, costs, and fees for experts; and

H. Grant Plaintiff such other relief as this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

JESSICA WILLIAMS,
PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker
Attorney for Plaintiff

Ronald S. Langacker, #6239469
Langacker Law, Ltd.
102 East Main Street, Suite 100
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com